## BURT v. GREENE.

1. CONTRACTS—DEFAULT IN PAYMENT—COMMON COUNTS.
   An action to recover an installment of money due under a contract for the sale of plaintiff's rights in a secret society, together with the property of the order, may be brought on the common counts in *assumpsit*, where plaintiff has fully performed, and nothing remains to be done but the payment of the money.

2. SAME—BREACH.
   One who sells his rights in a secret society under an agreement which provides that he shall have "nothing further to do with the conferring of the several degrees," but will furnish information when requested, is at liberty to answer a question as to the ritual, when present as a spectator, in connection with the conferring of a certain degree.

3. SAME—CROSS-EXAMINATION—HARMLESS ERROR.
   Where, in an action to recover an installment due on a contract for the sale of rights in a secret society, defendant contended that plaintiff had broken the contract, by reason of his failure to make a translation of the ritual, and plaintiff

claimed that the same had not been made because of defendant's failure to furnish him with the ritual for translation, and the jury rendered a verdict for plaintiff, the fact that the court refused to permit defendant to show plaintiff's incapacity to make the translation, on cross-examination, was harmless, since the jury must have found that defendant had not given plaintiff an opportunity to make the translation.

Error to Wayne; Lillibridge, J. Submitted October 11, 1900. Decided December 4, 1900.

*Assumpsit* by Calvin C. Burt against George F. Greene to recover an amount due upon a contract of sale. From a judgment for plaintiff, defendant brings error. Affirmed.

*Hawley & Mertz*, for appellant.

*Calvin C. Burt* (*John Galloway*, of counsel), *in pro. per.*

MONTGOMERY, C. J. The plaintiff and defendant, on the 14th day of April, 1897, entered into a written contract by which the plaintiff agreed to sell to the defendant "all his right and title in and to the organization or rite known as the 'Ancient Egyptian Masonic Rite of Memphis,' of which organization or rite the party of the first part [the plaintiff] is now undisputed sole owner, controller, and supreme grand master, magi of the continent of America (civilized cosmos)," etc., and the property of the organization. For this, defendant was to pay $1,000 per year, in certain stipulated payments, "provided that the income derived from the sale of charters for lodges' membership fees shall allow of it." The defendant made a number of payments, and then ceased, claiming that the plaintiff had not fulfilled the contract on his part, and was not fulfilling it; and this suit was brought, and a recovery had for two installments, of $40 each, and interest. The claim of the defendant that the plaintiff had not fulfilled the contract rested in part on the undisputed fact that the plaintiff did not, as his contract required, "translate into the English language the ritual of the various degrees of

said rite, from the forty-fifth upwards, at any time when said party of the second part [the defendant] shall furnish a stenographer to assist therein without expense to the party of the first part." Upon this point the plaintiff claimed that he was always ready and willing to make this translation, but could not, because the defendant would not send him the original, from which to make the translation. The defendant claimed that he did furnish the stenographer, and was ready to furnish the original, but the plaintiff did not make the translation, either because he would not unless he could get paid for it, or because he could not; and defendant claims that he was unfairly debarred from demonstrating plaintiff's incapacity on his cross-examination. Defendant claimed, also, that plaintiff was violating that part of the contract which provided that he should have "nothing further to do with the workings or conferring of the several degrees of the said rite, nor with the money of the organization, except what is paid him under this agreement, and that he will have nothing further to do with said organization;" and defendant relied upon this breach of the contract as a bar to the plaintiff's recovery.

Error is assigned on the refusal of the court to exclude the contract relied upon, the ground of the objection being that the plaintiff is seeking to recover damages for the breach of an executory contract. Defendant's counsel misconceive the plaintiff's position. The plaintiff is seeking to recover an installment of money due on an agreement which he claims to have fully performed as to all its precedent requirements, and claims that nothing is to be done or required further on either side, except the payment of money. If the claim is sustained, the common counts are sufficient. 1 Chit. Plead. 339.

It is contended that a verdict should have been directed for the defendant on the ground that the undisputed testimony shows that plaintiff violated that portion of his contract in which he agrees that he will have nothing further to do with the workings or conferring of the several

degrees of the rite.  In the brief of plaintiff's counsel, certain testimony bearing on this point is stated to have been omitted from the printed record.  An examination of the original record discloses that the same corresponds with the printed record.  The record does not show that all the testimony is returned.  On this branch of the case the court charged the jury as follows:

"The testimony is, as I recollect it, upon that point,— and I wish to be corrected if I am wrong,—as I recollect it, it is that some person (a Mr. Currie, I think it was) initiated Mr. Dubois into some of the degrees between the forty-fifth and the ninetieth, or he was conferring degrees.

"*Mr. Burt:* Mr. Dubois was a member of the order at the time.

"*The Court:* I understand that Mr. Dubois was a member of the corporation, but the testimony shows that they were conferring certain degrees on him at that time. He said that they were conferring some degrees there, and that Mr. Burt was not present when they were conferring the degrees, but that at a certain time they called Mr. Burt in and asked him some questions; and Mr. Winterbury said he did not know whether Mr. Burt answered the questions or not.

"*Mr. Hawley:* He said that Mr. Burt came in, but he could not say what Mr. Burt said.

"*The Court:* I understood him to say he did not know what he said.  I leave it for you to say what was done at the house there.  It is claimed on the part of the plaintiff that there was no violation of this agreement that he would not have anything further to do with the workings of these degrees.  It is claimed on the part of the defendant that he violated his part of it.  It is for you to say whether, in view of the testimony and what you remember of it, there was a violation of that agreement at that time.   *   *   *   My judgment is that there is nothing in this case which prevents Mr. Burt from being present as a spectator at any time when degrees were being conferred, but that any act or assistance or active work on his part would be a violation on his part of it.  Regarding the claim of the defendant that Mr. Burt interfered at the time of conferring degrees upon Mr. Dubois, the jury is instructed that, if what Mr. Burt did was simply to answer a question put to him in connection with the conferring of said degree, it would be proper, and in line

with the contract as to furnishing information when requested, and would not be interference."

We think this instruction presented the issue very fairly.

The other questions relate to the claim that plaintiff failed to perform the provisions of his contract relating to the translation; the contention of defendant's counsel being that they were not permitted to cross-examine the plaintiff fully on the subject of his ability to make the translation, which he had agreed to do on request. The jury must have found that the defendant never offered the plaintiff the opportunity to make the translation contemplated by the agreement. The default, if any, was, therefore, defendant's.

We discover no prejudicial error. The jury determined the questions of fact in favor of plaintiff, and the judgment will be affirmed.

The other Justices concurred.